UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20756-Civ-SCOLA

NIACCF, Inc.,

    Plaintiff,

vs.

COLD STONE CREAMERY, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO STAY

THIS MATTER is before the Court upon the Amended Motion to Stay [ECF No. 8], filed by Defendant Cold Stone Creamery, Inc. ("Cold Stone"). For the reasons set forth below, this Motion is granted.

### Introduction

Plaintiff National Independent Association of Cold Stone Creamery Franchisees, Inc. ("NIACCF") is an organization comprised of some unknown number of Cold Stone franchisees whose mission is to "articulate and advocate the needs, interests and goals of its members in the context of a constructive and cooperative relationship with their franchisor." Compl. ¶ 6. NIACCF has sued Cold Stone for declaratory relief concerning Cold Stone's alleged failure to provide an accounting for, and disclosures pertaining to, the receipt of payments from certain third-parties. *Id.* ¶ 1. NIACCF alleges that these funds, which derive from vendor rebates and gift card breakages, are supposed to be used by Cold Stone for the benefit of franchisees. *Id.* ¶¶ 12-31. The Complaint does not disclose any concrete details about NIACCF's membership, outside the naming of a handful of franchisees who allegedly "will suffer injury as a result of Cold Stone's actions." *Id.* ¶ 8.

Cold Stone moves to stay this action on the grounds that the individual franchisees named in the Complaint, as with all other franchisees, have agreements with Cold Stone requiring mandatory arbitration in Arizona of all disputes and controversies "related in any way" to their franchise agreements or the relationship between them and Cold Stone, as franchisor. Mot. at 8. Cold Stone has moved to compel arbitration in federal court in Arizona as to the individual

franchisees identified as members of NIACCF in the Complaint.[1] It argues that this action should be put on hold while the Arizona court considers whether the franchisees are required to arbitrate. According to Cold Stone, if NIACCF is allowed to proceed in this action without first giving Cold Stone a chance to invoke arbitration with individual franchisees, the agreements to arbitrate will effectively be rendered meaningless. NIACCF counters that no stay is warranted because it never agreed to arbitrate with Cold Stone and it has associational standing to pursue its declaratory claims on behalf of its members, the Cold Stone franchisees. Cold Stone responds that it does not wish to arbitrate with NIACCF, and that the issue of associational standing is irrelevant at this point in the proceedings. Further, Cold Stone argues that NIACCF cannot assert claims in court on behalf of individual franchisees, when those members are bound to arbitrate the very same claims.

## Legal Standards

A district court has the authority to issue a stay of the proceedings pending resolution of a related matter in another court. *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). The power to issue such a stay arises from the district court's inherent authority to control its docket and manage its cases efficiently. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). This has long been the rule. *See Landis v. N. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). So long as a stay does not prove "immoderate" – that is to say, too long, too indefinite, or without proper justification – the decision to stay is bounded only by the district court's discretion. *See Ortega Trujillo*, 221 F.3d at 1264; *Landis*, 299 U.S. at 254 (whether and how a stay should issue "calls for the exercise of

---

[1] Cold Stone has initiated two actions to compel arbitration in federal district court in Arizona. *See Cold Stone Creamery, Inc. v. Nutty Buddies*, Case No. 12-00420-ECV (D. Ariz.); *Cold Stone Creamery, Inc. v. Colonial Creamery, Inc.*, Case No. 12-00419 (D. Ariz.). Cold Stone initiated the petitions to compel arbitration in Arizona, rather than here, because the individual franchisees all agreed to personal jurisdiction in Arizona. Further, it is unlikely that any franchisees residing outside of Florida would be subject to personal jurisdiction before this Court. Cold Stone has not initiated actions to compel arbitration as to the remaining two franchisees named in the Complaint because their franchise agreements require mediation as a contractual condition precedent to any arbitration or litigation. Cold Stone represents that it has formally demanded mediation with these parties, consistent with their contractual agreements, and that it intends to proceed with individual litigation or arbitration actions should the parties fail to submit to mediation as required.

judgment, which must weigh competing interests and maintain an even balance"). "Federal courts may exercise their discretion to stay proceedings when a stay would promote judicial economy and efficiency." *200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2011 WL 2470344, at *14 (S.D. Fla. June 21, 2011).

## Legal Analysis

The Court finds that this matter should be stayed in favor of the Arizona actions seeking to compel arbitration as to the individual franchisees.

Cold Stone represents that the agreement signed by each franchisee requires arbitration of disputes and controversies that are "related in any way" to the franchise agreement or the franchisor-franchisee relationship. Mot. at 8. By this action, NIACCF seeks declaratory relief as to Cold Stone's disclosure and accounting obligations to its franchisees. Comp. ¶ 1. Should the court in Arizona determine that Cold Stone is entitled to arbitrate with individual franchisees as to the scope and extent of such obligations, it would likely impact this action. *Cf. Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mngmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (district court's reason to stay was "at least a good one, if not an excellent one" where it was designed to await determination of a related matter "that is likely to have a substantial or controlling effect on the claims and issues in the stayed case"). In order to foster efficiency and to permit Cold Stone an opportunity to enforce its bargained-for arbitration agreements with franchisees, a stay of this action is warranted.

The Court is not persuaded by NIACCF's argument that a stay should be denied merely because the organization did not sign any agreement to arbitrate. Whether NIACCF signed an agreement to arbitrate is immaterial. As Cold Stone makes plain, it does not wish to arbitrate with NIACCF, and the stay it requests does not try to facilitate that outcome. Reply at 2. Instead, Cold Stone argues, and the Court agrees, that NIACCF should not be able to end-run the arbitration agreements to which all franchisees are individually bound. *See In re Managed Care Litig.*, 2003 WL 22410373, at *10 (S.D. Fla. Sept. 15, 2003). An organization consisting of franchisees should not be permitted to do that which the individuals themselves may not do. *See id.* at *9 ("Associations suing in a representative capacity generally are bound by the same limitations and obligations as the members that they represent."). This is all the more true given the strong federal policy favoring arbitration. *See Cruz v. Cingular Wireless, LLC*, 648 F.3d

1205, 1210 (11th Cir. 2011). Thus, there is good cause for this Court to stand aside and await the Arizona court's decision as to whether the individual franchisees must arbitrate.

As to associational standing, the Court need not decide that issue at this time. The question at this juncture is not whether NIACCF is entitled to seek relief as an association *vel non*, but whether interests of prudence and efficiency warrant a moderate stay to allow the Arizona court to act. The stay that this Court now grants serves just this purpose, no more and no less. The issue of associational standing may, as necessary, be raised on proper motion at a later point in the litigation, once the stay has expired.

### Conclusion

For the reasons explained above, it is hereby **ORDERED and ADJUDGED** as follows:

1. Cold Stone's Motion to Stay is **GRANTED**.

2. This case is stayed pending a determination by the Arizona court as to whether the individual franchisees must submit to arbitration.

3. Cold Stone shall file a Status Report with this Court **every sixty days**, beginning on **June 21, 2012**, indicating the status of the Arizona actions.

4. Within **seven days** of the Arizona court's determination of the petitions to compel arbitration, Cold Stone shall file a Notice with this Court indicating the outcome.

5. If the petitions to compel arbitration are denied, then either party may move to lift the stay of this action.

6. If the petitions to compel arbitration are granted, then this action shall remain stayed through the conclusion of the arbitrations, at which time Cold Stone shall notify the Court that the arbitrations have been concluded. Either party may move to lift the stay of this case upon completion of the arbitrations.

7. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case during the pendency of the stay.

**DONE and ORDERED** in chambers at Miami, Florida on May 21, 2012.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:* Counsel of record