UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 12-CV-20756-SCOLA/VALLE

NIACCF, INC.,

    Plaintiff,

v.

COLD STONE CREAMERY, INC.,

    Defendant.
_____

**ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL ANSWERS TO INTERROGATORIES**

THIS MATTER is before the Court upon the Motion to Compel Answers to Interrogatories (ECF Nos. 38, 39) filed by Defendant Cold Stone Creamery, Inc. ("Cold Stone") (the "Motion"). United States District Judge Robert N. Scola, Jr. referred all discovery matters to the undersigned for disposition. *See* (ECF No. 45).[1] The Court has reviewed the Motion, Plaintiff's Response (ECF No. 41), and Defendant's Reply (ECF No. 47), and the relevant case law, and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth below.

**BACKGROUND**

Plaintiff National Independent Association of Cold Stone Creamery Franchisees, Inc. ("NIACCF") is an organization comprised of an unknown number of Cold Stone franchisees whose mission is to, among other things, "articulate and advocate the needs, interests and goals of its members in the context of a constructive and cooperative relationship with their franchisor [and to] foster and promote the interest of those individuals and entities who are current Cold Stone Creamery franchisees." (Compl. ¶ 6, ECF No. 1-4 at 2). NIACCF seeks declatory relief to obtain

---

[1] Pursuant to Administrative Order 2014-64, the undersigned is no longer paired with Judge Scola, but has concluded the referral of the Motion as required under the Administrative Order.

an accounting and other information regarding Cold Stone's Flexible Marketing Program and Gift Card Breakage, among other things. *Id* at 4-6. NIACCF claims that its members will suffer harm from Cold Stone's actions, but the Complaint does not disclose any details about NIACCF's members. *See* (ECF Nos. 1-3 at 2, 17 at 1).

On May 21, 2012, this case was stayed pending a determination by the District Court in Arizona on whether individual franchisees must arbitrate their disputes with Defendant Cold Stone. *See* (ECF No. 17). On January 23, 2014, following the dismissal of the Arizona cases, the presiding District Judge in this action lifted the stay. *See* ECF (No. 32). In the order lifting the stay, the District Judge generally noted that "Cold Stone can learn the identity of NIACCF members through discovery." *Id.*

Defendant Cold Stone is now attempting to do just that. On March 13, 2014, Cold Stone served NIACCF with its First Set of Interrogatories (ECF NO. 39-1), consisting of eight interrogatories. On April 11, 2014, NIACCF served Cold Stone with its objections and responses (ECF No. 39-2). Cold Stone thereafter filed the instant Motion (ECF No. 38), which NIACCF opposes.[2]

## ANALYSIS

The Court reviews the Motion pursuant to Federal Rule of Civil Procedure 26(b), which provides, in pertinent part, that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The purpose of discovery is to allow a broad search for facts, the

---

[2] In briefing the Motion, the parties both exceeded the shortened page limitation for discovery briefs set by this Court. Cold Stone has requested permission to file an oversized reply in support of the Motion. *See* (ECF No. 48). While the parties could have addressed the issues in fewer pages, the Court has nonetheless considered all briefs in full. Therefore, Cold Stone's Motion for permission to file a reply brief in excess of the page limit is denied as moot.

names of witnesses, or any other matters that may aid a party in the preparation or presentation of his case. Adv. Com. Notes, 1946 Amendment, Fed. R. Civ. P. 26. Courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure. *See Burn v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) (citations omitted).[3]

Interrogatories 1 to 4 generally seek information regarding the identity of NIACCF's members, while Interrogatories 5 to 7 generally request that NIACCF state the bases for its claims. *See* (ECF No. 39-1). NIACCF objects to Interrogatories 1 to 4 on relevance grounds and argues that Cold Stone is not entitled to discover the information for various reasons discussed below. NIACCF objects to Interrogatories 5 to 7 on privilege grounds. There is no dispute over NIACCF's objection to Interrogatory 8, which requests that NIACCF identify each expert it intends to call in this matter. *See* (ECF Nos. 39-2, 41).

### A.     Interrogatories 1 to 4

Interrogatories 1 to 4 request that NIACCF identify its members, owners, board of directors and officers.[4] Cold Stone argues that this information is relevant to determine whether NIACCF can bring claims on behalf of its members. *See* (ECF No. 39 at 7). Cold Stone further submits that, under applicable law, NIACCF is not permitted to bring a lawsuit against Cold Stone that its individual members cannot bring themselves. *Id.*

In opposition, NIACCF argues that its claims are "declatory in nature and are based on non-contractual common law theories of recovery," not subject to arbitration, thus making the identity of NIACCF members irrelevant. *See* (ECF No. 41 at 6).

---

[3] Pursuant to *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

[4] Interrogatories 1 to 4 state:
 1.  Identify all NIACCF Members.
 2.  Identify each Franchise Agreement between Cold Stone and any NIACCF Member.
 3.  Identify all persons on NIACCF's board of directors.
 4.  Identify all owners and officers of NIACCF.
*See* (ECF No. 39-1).

1.     Relevancy of Information

NIACCF first argues that the information sought in Interrogatories 1 to 4 is irrelevant and that Cold Stone seeks the materials only to harass and intimidate NIACCF's members. *See* (ECF Nos. 39-2 at 3, 41 at 2). In support of this argument, NIACCF submits that Cold Stone has previously used "intimidation tactics" against the four NIACCF members that were named in the Complaint. *See* (ECF No. 41 at 4). According to NIACCF, these four members were forced to "pick their poison" and choose between withdrawing from the association and releasing their claims or being compelled to arbitrate at the risk of terminating their franchise agreement with Cold Stone. *Id.*

In seeking to compel discovery, Cold Stone argues that if any of NIACCF's members, officers or directors agreed to arbitrate their disputes with Cold Stone, those franchisees are barred from using NIACCF to sidestep their contractual obligation to arbitrate. *See* (ECF No. 39 at 7). In addition, Cold Stone relies on the Court's prior Order lifting the stay of the case, in which Judge Scola noted that "Cold Stone can learn the identity of NIACCF members through discovery." *See* (ECF Nos. 32, 38 and 47).

This Court finds that Interrogatories 1 to 4 seek information that is relevant to the claims or defenses in this case. Specifically, NIACCF has filed a Complaint on behalf of its members and claims to have standing to bring this action. *See* (ECF No. 1-4 ¶¶ 1, 6, 8). Thus, NIACCF seeks a judicial declaration that Cold Stone is obligated to disclose certain information regarding the Fair Market Program and Gift Card Breakage to the franchisees *including the members of NIACCF.* (ECF Nos. 1-4 at 9, 1-4 at 10-12).

Associations suing in a representative capacity generally are bound by the same limitations and obligations as the members they represent. *In re Managed Care Litigation*, No. 00-MD-1334, 2003 WL 22410373 *9 (S.D. Fla. Sept. 15, 2003). Consequently, based on the allegations in

4

NIACCF's complaint, the undersigned finds that the identity of NIACCF's members is relevant to the claims at issue and any potential defenses. Therefore, NIACCF's relevancy objections to Interrogatories 1 to 4 are overruled.

### 2. Use of Information in Collateral Proceeding

NIACCF next argues that the Motion should be denied because Cold Stone has admitted that it seeks discovery to determine whether arbitration should be compelled. NIACCF argues that discovery should not be allowed when its purpose is to gather information for a separate collateral proceeding, such as compelled arbitration. *See* (ECF No. 41 at 7-8). In support of this argument, NIACCF cites out-of-district cases. But those cases involve wholly different facts and are not dispositive. *See, e.g.*, *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D 385, 390 (E.D. Pa. 1991) (involving allegations that discovery information was disseminated to third party governmental investigative agencies); *Frees, Inc. v. McMillan*, No. 05-1979, 2007 WL 184 889, *4 (W.D. La. Jan. 22, 2007) (noting that federal courts routinely allow information discovered in one proceeding to be used in other forums); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-cv-6469(DAB)(JCF), 2011 WL 830624, 2 (S.D.N.Y. Mar. 9, 2011) (finding that information relevant to potential—versus actual—claims is not discoverable); *Nu Image, Inc. v. Does*, *1-23,322*, 799 F. Supp. 2d 34, 41 (D.D.C. 2011) (disallowing third party discovery intended for use in a proceeding in a different venue).

The Court finds NIACCF's arguments unpersuasive. While Cold Stone might in the future seek to use the identity of NIACCF's members to determine whether it can seek to compel arbitration, Interrogatories 1 to 4 are relevant to the facts of this case, including standing to sue. The potential use of the information in collateral matters may be the subject for another day, but it does not currently relieve NIACCF of its obligation to disclose relevant information. Consequently,

NIACCF's objections based on the possiblity that disclosure may lead to use of the information for a collateral proceeding, such as compelled arbitration, are overruled.

      3.      First Amendment's Privilege of Association

NIACCF next argues that the information sought in Interrogatories 1 to 4 is protected by the First Amendment's associational privilege. *See* (ECF No. 41 at 9-11). The First Amendment's associational privilege arises when a discovery request results in disclosure of a group's anonymous members, or requests similar information that goes to the heart of an organization's associational activities. *See Klyman v. Freedom Watch, Inc.*, No. 07-22433, 2007 WL 3343079, *5 (S.D. Fla. Nov. 12, 2007) (Simonton, Mag. J.) (citations omitted). Such disclosure could infringe upon associational rights. *Id.*

The party claiming the associational privilege bears the burden of making a prima facie showing of infringement resulting from the disclosure of the challenged discovery. *Christ Covenant Church v. Town of Southwest Ranches*, No. 07-60516, 2008 WL 2686860, *6 (S.D. Fla. Jan. 29, 2008) (Rosenbaum, Mag. J.). To satisfy this burden, the litigant need only demonstrate a "reasonable probability" that the discovery at issue would subject it to threats, harassment, or reprisals from either Government officials or private parties. *Id.* (citations omitted). Once the party invoking the privilege makes the required prima facie showing of infringement, the party seeking discovery must demonstrate a "compelling need" for the information sought. *Id.* at 7. If such a compelling need exists, then disclosure of the requested information is warranted. *Id.*

Based on the facts before the Court, and considering the allegations regarding Cold Stone's past actions toward previously identified NIACCF members, the Court finds that there is a reasonable probability that identifying NIACCF members may subject those individuals to efforts from Cold Stone to compel arbitration, or other actions. Therefore, the Court must next determine whether Cold Stone has shown a compelling need for the information requested. *Id.*

The Court finds *Christ Covenant Church* instructive in determining whether Cold Stone has shown a compelling need for the information requested. The court in *Christ Covenant Church* concluded that plaintiff had made a prima facie showing of infringement on the First Amendment's associational privilege. *Id.* Therefore, the burden shifted to the defendant to show a compelling need for the information. *Id.* at 8. After balancing several factors, the *Christ Covenant Church* court ordered plaintiff to provide the names and contact information of certain church members. *Id.* at 12. In ordering the disclosure of identifying information, the court found that defendant must have the means to investigate the factual assertions made by plaintiff in that case. *Id.*

The undersigned has applied a similar balancing test, considering such factors as: (i) whether the party seeking the information has demonstrated that the information is so relevant that it goes to the heart of the matter; (ii) the availability of the information from alternative sources; (iii) the nature of the information sought, including the likelihood of injury to the association or its members if the desired information is released; (iv) the requesting party's role in the litigation; and (v) whether the disclosure sought constitutes the least restrictive means for accomplishing the objectives without sweeping constitutional rights aside. *Id.* at *8.

After considering these factors, this Court finds that the information requested in Interrogatories 1 to 4 (membership identity information) is relevant to the claims in this case. First, the information sought goes to the heart of this case, as it could potentially determine whether NIACCF has standing to bring this action. Second, the information is not likely to be available from alternative sources, since NIACCF is the only source that can confirm its membership. Third, any effect on NIACCF or its members would result from Cold Stone seeking to defend against the lawsuit and not from an attempt to infringe on constitutionally protected rights of association. Fourth, the interrogatory requests are limited and disclosure of the information sought is not so broad as to sweep aside the First Amendment's associational privilege. Lastly, Cold Stone is the

named Defendant in this litigation and, as in *Christ Covenant Church,* has a right to investigate the factual assertions made by Plaintiff.

On balance, these factors weigh in favor of requiring NIACCF to disclose membership identity information and respond to Interrogatories 1 to 4. Thus, NIACCF's objections to Interrogatories 1 to 4 based on the First Amendment's privilege of association are overruled.

Finally, Cold Stone has submitted that "it has no objection to stipulating that it will only use the information provided by NIACCF to defend itself in this lawsuit," *see* (ECF No. 47 at 6), which Cold Stone states may include compelling arbitration. Consequently, the parties are ordered to meet and confer in an effort to agree on an proposed protective order.

### B. Interrogatories 5 to 7

Interrogatories 5 to 7 request that NIACCF state the bases of its claims.[5] NIACCF argues that the information sought in these Interrogatories is protected by the attorney-client privilege and work product doctrine. *See* (ECF No. 41 at 12-13). Cold Stone responds that these types of "contention interrogatories" are generally considered appropriate. *See* (ECF No. 47 at 7); *see also Hendricks v. Mirabilis Ventures, Inc.*, No. 8:07-cv-661-T-17-EAJ, 2008 WL 423566, * 1 (M.D. Fla. Feb 13, 2008) (granting motion to compel supplemental responses to interrogatories where party asked for factual basis for affirmative defenses).

Rule 33 provides, in relevant part, that an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2). Additionally, when used correctly, contention interrogatories can be useful in

---

[5] Interrogatories 5 to 7 state:
 5. State the basis or all harm you claim to have suffered and the cause of the alleged harm.
 6. State the basis or all harm you claim that NIACCF's Members have suffered and the cause of the alleged harm.
 7. State the basis for how the relief requested by NIACCF's Complaint for Declaratory Judgment was determined.
 (ECF No. 39-1).

narrowing and focusing the issues, which is a major purpose of discovery. *Hendricks*, 2008 WL 423566 at * 1.

The party asserting either the attorney-client privilege or the work-product doctrine bears the burden of establishing its applicability. *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003). Here, however, the Court finds NIACCF's responses to Interrogatories 5 to 7 are boilerplate and non-responsive, and NIACCF has not met its burden. Accordingly, NIACCF's objections based upon the attorney-client privilege and the work product doctrine are overruled. NIACCF shall provide Defendant Cold Stone with supplemental answers to the interrogatories and, to the extent applicable, a privilege log containing the requisite information to allow for a proper evaluation of any potential privilege. Fed. R. Civ. P. 26(b)(5).[6]

## C. Request for Attorney's Fees

The parties each seek to recover their attorneys' fees incurred in filing and responding to the instant Motion. *See* (ECF Nos. 39 at 10, 41 at 15). Federal Rule of Civil Procedure 37(a)(5) provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery.[7] The imposition of expenses is required unless "the opposing party's

---

[6] The privilege log should identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5057844, at *9 (S.D. Fla. Oct. 18, 2012) (Simonton, Mag. J.). Thus, a proper privilege log should contain the following information regarding the challenged entries:
(1) the name and job title or capacity of the author of the document;
(2) the name and job title or capacity of each recipient of the document;
(3) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than the author(s);
(4) the title and description of the document;
(5) the subject matter addressed in the document;
(6) the purpose(s) for which it was prepared or communicated; and
(7) the specific basis for the claim that it is privileged.
*Id.* (internal citations omitted).

[7] In relevant part, Rule 37(a)(5) provides that "[i]f [a discovery] motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the

nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A)(ii) and (iii). A court has wide latitude in imposing sanctions for failure to comply with discovery. *Maryland Cas. Co.*, 2013 WL 3353319, at *4.

Here, the undersigned does not consider an award of attorney's fees to be appropriate because reasonable people could differ as to the appropriateness of the parties' positions. Cold Stone, on the one hand, sought to compel production of information it deems necessary to defend itself. NIACCF, on the other hand, presented legitimate concerns weighing against disclosure of the requested information. The parties' positions are substantially justified. Under these facts, the Court will refrain from awarding attorney's fees in connection with the Motions and the response.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Answers to Interrogatories 1 to 7 (ECF No. 38) is **GRANTED**.

2. Plaintiff NIACCF shall provide supplemental responses to the First Set of Interrogatories (ECF NO. 39-1) by **September 26, 2014**. Along with its supplemental responses, NIACCF must also serve a privilege log, as necessary.

3. Defendant's Motion for Permission to File Oversized Reply Brief in Support of its Motion to Compel Answers to Interrogatories (ECF No. 48) is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on September 12, 2014.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

---

party or attorney advising that conduct, or both to pay for the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).